Cody RUNYAN; Galen Woelk,
Plaintiffs–Appellees,

v.

John N. BACH, Defendant–Appellant.

No. 05–36124.

United States Court of Appeals,
Ninth Circuit.

Submitted April 16, 2007.*

Filed April 23, 2007.

Craig L. Meadows, Esq., Jason D. Scott, Hawley Troxell Ennis & Hawley, Boise, ID, for Plaintiffs–Appellees.

John N. Bach, Driggs, ID, pro se.

Before: O'SCANNLAIN, GRABER, and BEA, Circuit Judges.

MEMORANDUM **

John N. Bach, a former practicing attorney, appeals pro se from the district court's order granting attorney's fees and costs to plaintiffs Cody Runyan and Galen Woelk pursuant to 28 U.S.C. § 1447(c) on the ground that Bach improperly removed to federal court an execution proceeding they filed against him. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion, *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir.2006), and we affirm.

The district court did not abuse its discretion in awarding attorney's fees to Appellees because the record demonstrates that there was no "objectively reasonable basis" for Bach's removal of the state proceedings. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 126 S.Ct. 704, 711, 163 L.Ed.2d 547 (2005). We reject Bach's contention that the district court was required to include these precise words in an order that predated the Supreme Court's decision in *Martin*.

We lack jurisdiction to review the district court's remand order because that order was based, in part, on 28 U.S.C. § 1447(c). *See* 28 U.S.C. § 1447(d); *Durham*, 445 F.3d at 1250. For the same reason, we lack jurisdiction to consider Bach's purported mandamus petition. *See* 28 U.S.C. § 1447(d) ("An order remanding a case to the State court from which it was removed is not reviewable on appeal *or otherwise* "[.] ) (emphasis added).

Bach's remaining contentions are unpersuasive.

**AFFIRMED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.